Bayou v 351 Owners Corp. (2025 NY Slip Op 51240(U))

[*1]

Bayou v 351 Owners Corp.

2025 NY Slip Op 51240(U)

Decided on August 1, 2025

Supreme Court, New York County

Lebovits, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 1, 2025
Supreme Court, New York County

Bradley Bayou and Mark Itkin, Petitioners,

against
351 Owners Corporation, Respondent.

Index No. 152394/2025

Quinn McCabe LLP, New York, NY (Eric A. Thorsen, Christopher P. McCabe, and Laura McKenzie of counsel), for plaintiffs
Belkin Burden Goldman, LLP, New York, NY (Matthew S. Brett of counsel), for defendant

Gerald Lebovits, J.

Petitioners, Bradley Bayou and Mark Itkin, and respondent, 351 Owners Corporation, own neighboring properties in Chelsea. In this special proceeding, petitioners seek a license under § 881 of the Real Property Actions and Proceedings Law (RPAPL), permitting them to [*2]enter onto respondent's property to install temporary safety protections in connection with extensive renovations of petitioners' townhouse.
It is undisputed that petitioners have sought—but so far not received—a license from respondent permitting access to respondent's property for the purpose of installing safety protections. In opposing the petition, respondent emphasizes that the stumbling block in the parties' license-related negotiations involved the related but distinct question of whether (and on what terms) respondent would permit petitioners to install permanent underpinning underneath the wall separating the two properties.[FN1]
 (See NYSCEF No. 26 at ¶¶ 7-9, 64-66.) Be that as it may, it remains true that respondent has, thus far, refused to grant petitioners the license that they now seek.
On the merits of the license, respondent represents, indeed, emphasizes, that it has no objection to the scope of the access sought in this proceeding—as distinct from the underpinning-related relief that petitioners seek in the parallel plenary action. (See id. at ¶ 4.)
That the parties continue to disagree on some of the access sought by petitioners to respondent's property is not a ground to deny petitioners' access request in this proceeding, given the lack of disagreement about the nature and scope of the access sought. The court concludes, therefore, that petitioners are entitled to an § 881 license. The parties are directed to meet and confer promptly on the precise terms of the license. To the extent that the parties can reach agreement on those terms, they shall submit a joint proposed license within 14 days of entry of this order. If the parties cannot agree on license terms, each party shall, within 14 days of entry, submit a proposed license for the court's consideration. Submissions shall be made by e-filing on NYSCEF and email to [email protected].
Accordingly, it is
ORDERED that petitioners' request for an RPAPL 881 license is granted; and it is further
ORDERED that the parties shall, within 14 days of entry of this order, submit a proposed license or licenses to the court for its consideration, as set forth above.
DATE 8/1/2025

Footnotes

Footnote 1:The issue of the proposed underpinning is the subject of a parallel plenary action between the parties, Index No. 150137/2025, also pending before the undersigned.